IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| JOSEPH RICHARD WHITE, | Cause No. CV-06-82-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS and RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE |
| YELLOWSTONE COUNTY, STATE OF MONTANA and the UNITED STATES, | |
| Defendants. | |

_____

This matter comes before the Court on what has been construed as a Complaint initiating a civil action (Court's Doc. No. 1).  On March 23, 2007, this Court issued an Order stating that it could not read Plaintiff's submissions and therefore required the filing of an amended complaint on the form provided by the Clerk of Court.

The court has permitted Plaintiff to proceed in forma pauperis.  As such, his complaint is subject to screening under 28 U.S.C. § 1915, which impose a screening responsibility on the district court.  Section 1915(e)(2) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

This section provides that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
REQUIRING AN AMENDED COMPLAINT / PAGE 1

338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (May 21, 2007)(quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rest.'" Erickson v. Pardus, 127 S.Ct. 2197 (June 4, 2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

This Court previously found that Plaintiff's documents are all handwritten and are for the most part illegible.  Specifically, the Court indicated that it could not determine from Plaintiff's current filings the basis of his claims and that without more, the Court would have to recommend that Plaintiff's Complaint be dismissed for failure to state a claim.  Plaintiff's response to the Court's Order (20 additional handwritten and basically illegible pages) does not cure the

deficiencies previously set forth by the Court.

In its prior Order, the Court had the Clerk of Court provide Plaintiff with a form for filing an Amended Complaint.  Plaintiff was required to use this form to present his claims and his Amended Complaint was supposed to be typed or written in different, more legible handwriting.  Plaintiff completely disregarded the Court's Order.  He did not use the form for filing an Amended Complaint and his new filing is written in the same illegible handwriting that the Court has already indicated it could not read.

Plaintiff was also advised that he could not represent anyone but himself. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").  Plaintiff continues to list himself and presumably his daughter as plaintiffs.

Plaintiff has refused to comply with this Court's Order and Court rules.  Rule 8 of the Federal Rules of Civil Procedure requires a pleader to set forth his averments in a simple, concise, and direct manner.  Before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. See, McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).[1]

Plaintiff's complaint violates Rule 8(a) and Rule 10(b) of the Federal Rules of Civil Procedure.  The court must guess who is being sued and for what.  If the pleadings were to be served in their present form, they would not give defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be different than the courts.  See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (prolix, confusing

---

[1] Although McNeil discusses prisoner lawsuits and Plaintiff is not a prisoner, the concept is still applicable to a pro se non-prisoner litigant such as Mr. White.

complaints impose unfair burdens on litigants and judges and defendants are at risk that their outline of a case would differ from the court's, therefore, the court may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved).

The Court has advised Plaintiff of the deficiencies in his complaint and allowed him an opportunity to amend his complaint, provided him a form for so doing and instructed him to write more legibly or type his allegations.  Plaintiff has refused to follow the Court's instructions.  The Court cannot read Plaintiff's Complaint and other filings, yet Plaintiff refused to utilize the Court's form for filing an amended complaint and refused to type his complaint or write in more legible handwriting.  Most significantly, Plaintiff's Complaint does not contain a short and plain statement of his claims for relief, it does not give defendants a fair opportunity to frame a responsive pleading and does not give the Court a clear statement of claims.

Accordingly, the Court enters the following:

### RECOMMENDATION

1.  Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE** and the case should be **CLOSED.**

2.  Pursuant to Fed. R. App. P. 24(a)(4), the district court should **CERTIFY** that any appeal by Plaintiff from this disposition would be taken in bad faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within twenty (20) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO WILL RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 5th day of July, 2007.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge